UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Warren Easterling,**

    *Plaintiff,*

v.            **Case No. 3:15-cv-032**
                                          **Judge Thomas M. Rose**

**Cassano's Inc.,** *et al.***,**

    *Defendants.*

---

**ENTRY AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER,** DOC. 5 **, GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM,** DOC. 9**, FINDING MOOT MOTION FOR DISCOVERY AND INTERROGATORIES,** DOC. 10**, FINDING MOOT MOTION TO COMPEL DISCOVERY (RULE 37),** DOC. 15, **DENYING MOTION TO OVERRULE DEFENDANT'S MOTION TO DISMISS,** DOC. 11, **AND TERMINATING CASE.**

---

*Pro se* Plaintiff Warren Easterling has filed a complaint stating one compound claim:

> VIOLATION TITLE 42 U.S .C. 1985 - DEPRIVING, BY CONSPIRACY OR NOT, CITIZENS OF RIGHTS OR PRIVILEGES GRANTED TO ALL CITIZENS BY WAY OF A WRONGFUL TERMINATION AND A CONSTRUCTIVE TERMINATION.
>
> VIOLATION OF TITLE 42 U.S.C 1985 - DEPRIVING BY CONSPIRACY RIGHTS GRANTED TO ALL CITIZENS TRIGGERED BY THE VIOLATION OF 4112.02 OF THE OHIO REVISED CODE (UNLAWFUL DISCRIMINATION).

Complaint at 5.

    Plaintiff has accompanied his complaint with a Motion for Temporary Restraining Order.

Doc. 5.   Defendant has responded to the Motion for Temporary Restraining Order, doc. 8, and

filed a Motion to Dismiss for Failure to State a Cause. Doc. 9. Plaintiff's filings include an opposition to the Motion to Dismiss for Failure to State a Claim. Doc. 11.

**I.   Background**

Plaintiff Warren Easterling alleges that he was employed by Defendant Cassano's, Inc. as a pizza delivery driver for approximately six months. According to the Complaint, Plaintiff was terminated from his employment effective January 25, 2015 after an incident that required the summoning of the Montgomery County's sheriff's department to Defendant's premises on West Third Street, Dayton, Ohio. Doc. 1, PAGEID 3. This incident resulted in police being called to escort Plaintiff from Cassano's premises and the entry of a Notice of Criminal Trespass. (See Notice of Criminal Trespass, Doc. 1, PAGEID 10).

Plaintiff subsequently filed a Complaint alleging a violation of 42 U.S.C. §1985 against Cassano's, Cassano's District Manager and Cassano's Shift Manager. Plaintiff alleges that Defendants conspired to violate his rights and privileges under law by terminating him in violation of Ohio Revised Code § 4112 and by entering the Notice of Criminal Trespass.

**II.   Analysis**

Plaintiff filed a Motion for Temporary Restraining Order seeking to restrain "defendant from trespassing the Plaintiff from the Defendant's 6308 W. Third St. Dayton, Ohio location" and to "restrain the Defendant from exercising the wrongful and/or constructive termination". (Motion, Doc. 5, PAGEID 30). It appears Plaintiff seeks an order allowing Plaintiff to enter Cassano's private property and an order requiring Cassano's to rehire Plaintiff as an employee.

"In determining whether to issue a temporary restraining order, the Court should consider: '(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction

would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction.'" *Hunter v. Hamilton County Bd. of Elections*, 635 F.3d 219, 233 (6th Cir. 2011).

Defendant's position on Plaintiff's likelihood of success on the merits is identical to Defendant's motion to dismiss: according to Defendant, Plaintiff has failed to state a claim.  Thus, the Court will also state the standard for ruling on a motion to dismiss and analyze these questions together.

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  "Although a plaintiff need not plead specific facts, the complaint must 'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008)(quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  "To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 520 (S.D. Ohio 1995).

**A.     Likelihood of success.**

Plaintiff alleges one claim in the Complaint against Defendants for violation of 42 U.S.C. § 1985(3).  According to the Complaint, Defendants deprived him of rights or privileges granted to all citizens by way of wrongful termination in violation of Ohio Revised Code § 4112.02, possibly

by conspiracy. (Complaint, Doc. 1, PAGEID 5, Count One).  The Court notes that 42 U.S.C. § 1985(3) does not create substantive rights itself, but is a purely remedial statute.  Instead, a plaintiff must support a § 1985(3) claim with allegation of a violation of an underlying right or privilege.  However, the "plaintiffs' claim under § 1985(3) cannot be supported by an underlying state law claim." *Jefferson v. International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America*, 2005 WL 670248 *3 (W.D. Ky. 2005)(citing *Great American Federal Savings and Loan Association v. Novotny*, 442 U.S. 366 (1979)). In *Jefferson*, the Court dismissed the plaintiff's claim for relief under § 1985(3) for failure to state a claim and explained that the claim spoke of disparate treatment under the Kentucky Civil Rights Act but did not appear to be stating a discrimination claim. "Rather, the single allegation concerning disparate treatment…was recited as a statutory basis, albeit a deficient one, for the claimed violation of 42 U.S.C. § 1985(3)." *Id.* Similarly, Plaintiff in this case cites Ohio Revised Code § 4122.02, the state discrimination statute, as the statutory basis for his claim.  As such, Plaintiff's claim under § 1985(3) fails to state a claim as a matter of law.

As regards Plaintiff's wrongful and constructive termination claim, "where a claim could have been brought as a Title VII claim, it cannot serve as the necessary predicate for a claim under § 1985(3)." *Jefferson* (citing *Novotny*).  As a matter of law "§ 1985(3) may not be invoked to redress violations of Title VII." *Wells v. Rhodes*, 928 F. Supp. 920 (S.D. Ohio 2013)(citing *Novotny*).

Plaintiff's Complaint asserts he was wrongfully terminated and constructively terminated in violation of Ohio Revised Code 4112.02 (unlawful discrimination). Federal unlawful discrimination claims in employment are redressed pursuant to Title VII. Thus, Plaintiff's attempt

to assert what is essentially a Title VII type claim as a § 1985(3) claim, without complying with the administrative prerequisites, fails as a matter of law.

Finally, Plaintiff failed to allege sufficient facts to support his claim of conspiracy. To prevail on a § 1985(3) claim, one must prove "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005). As explained in *Center for Bio-Ethical Reforms, Inc. v. City of Springboro*, 477 F.3d 807 (6th Cir. 2007), "'conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.'" *Id.* at 832 (quoting *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003)).

Not only has Plaintiff failed to allege that he was deprived of a right or privilege of a United States citizen remediable under § 1985(3), but Plaintiff has also failed to allege a conspiracy with the required degree of specificity. As explained in *Chumpia v. State of Tennessee*, 2014 U.S. Dist. LEXIS 53537 (W.D. Tenn. 2014), "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action.. . .". *Id* at *13. Plaintiff asserts that "While a conspiracy is not necessary to prove guilt, a conspiracy is confirmed by the joint action of the Shift Manager and the District Manager in summoning the Sheriff's Dept. and the issuance of a notice of trespass and the removal of the Plaintiff from the premises confirming a termination without cause." (Compl. Doc. 1, PAGEID 7). Further, Plaintiff alleges a "joint agreement of [the Shift Manager] and [the District Manager] in removing and terminating the Plaintiff without cause along with trespassing the plaintiff from the premises of Cassano's, Inc." *Id.* at 8.  However,

Plaintiff does not allege that Defendants had a plan to violate Plaintiff's constitutional rights or take any unlawful act. Instead, Plaintiff alleges that Yarber and Moon agreed to contact the Montgomery County Sheriff's Department and issue a notice of trespass. Such action is not unlawful conduct. Moreover, there is no allegation that there was an agreement or plan to discriminate against Plaintiff in any way. Thus, Plaintiff fails to allege a conspiracy as required to state a claim under § 1985(3).

Plaintiff's Complaint fails to state a claim as a matter of law and fails to allege sufficient facts to show any likelihood of success on the merits. Thus, Plaintiff cannot succeed on the merits.

**B.    Irreparable Injury**

Plaintiff could suffer harm from not being permitted to return to work at Cassano's in the form of lost income. (Motion, Doc. 5, PAGEID 30). "[T]he fact that an individual may lose his income for some extended period of time does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages in the form of back pay." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566 (6th Cir. 2002). Therefore, Plaintiff cannot demonstrate that he will suffer irreparable harm if the temporary restraining order is not issued.

**C.    Substantial Harm to Others.**

In assessing harm to others, the Court must "(1) balance the harm [p]laintiff would suffer if its request for a preliminary injunction were denied against the harm [d]efendants would suffer if an injunction were to issue, and (2) assess the impact the preliminary injunction might have on relevant third parties." *Merck Sharp & Dohme Corp. v. Conway*, 861 F. Supp .2d 802, 817 (E.D. Ky. 2012). Defendants allege they would suffer harm if a restraining order is issued requiring

Defendants to allow Plaintiff to return to work after he was terminated for what Defendants allege was insubordination to management.  In addition, Defendants allege they would suffer harm if Plaintiff were allowed to return to Cassano's property.  Defendants allege that during Plaintiff's employment he was verbally abusive to Cassano's employees and disruptive to Cassano's customers.  If such behavior existed and continued, Cassano's business would be harmed by a potential loss of employees and customers.  While this factor weighs against the issuance of a temporary restraining order, it could be ameliorated by the posting of bond by Plaintiff.  This factor is akin to Plaintiff's potential loss of wages, the only difference being Plaintiff's ability to recover his loss.   This factor slightly favors Defendants.

### D. Public Interest

Defendants assert that the public interest lies in the ability of private companies to protect its private property from trespass by individuals who are verbally abusive to its employees and disruptive to its customers.  The Court sees this as a private interest, as opposed to a public interest.   Thus, this factor is neutral.

### III. Conclusion

Among the factors governing the issuance of an injunction, the likelihood of success factor predominates. *Gallina v. Wyandotte Police Dept*., 2008 WL 5090551, *4 (E.D. Mich. 2008). Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed."). The likelihood of success on the merits favors Defendants, along with two of the other three

factors, with the other being neutral. Thus, Plaintiff's Motion for Temporary Restraining Order is **DENIED**.

As detailed in the Court's analysis of Plaintiff's likelihood of success on the merits, Plaintiff has failed to state a claim. For this reason, Defendant's Motion to Dismiss for Failure to State a Claim, doc. 9, is **GRANTED**. For the same reasons, the Court **DENIES** Plaintiff's Motion to Overrule Defendant's Motion to Dismiss. Doc. 11. Similarly, Plaintiff's Motion for Discovery and Interrogatories, doc. 10, is **MOOT** and Plaintiff's Motion to Compel Discovery (Rule 37), Doc. 15, is **MOOT**. The instant case is **TERMINATED** from the dockets of the Southern District of Ohio, Western District at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, on Wednesday, March 25, 2015.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE